UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:18-CV-00106-JHM

LISA MOTEN                                                       PLAINTIFF

V.

BROCK MEDICAL, LLC                                  DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss. [DN 7]. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendant's motion is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

Defendant Brock Medical, LLC ("First Care") hired Plaintiff Lisa Moten in January 2017, as an as-needed X-Ray Technician. [DN 1 at ¶¶ 7, 9]. After June 9, 2017, Ms. Moten did not return to work for various medical reasons, including an "emergency heart condition" and "open heart surgery." [*Id.* at ¶¶ 10, 11]. On or about September 7, 2017, First Care terminated Ms. Moten from the personnel system, when she had not returned or provided any definitive updates about her return. [*Id.* at ¶ 39]. About a month thereafter, Ms. Moten left a doctor's note at the front desk of the clinic stating she could return to work. [*Id.* at ¶ 26].

On February 28, 2018, Ms. Moten filed a Kentucky Civil Rights Act ("KCRA") disability discrimination lawsuit against First Care in Henderson Circuit Court, Henderson, Kentucky. [DN 7-2]. Thereafter, on March 8, 2018, Ms. Moten filed a Charge of Discrimination against First Care with the Equal Employment Opportunity Commission ("EEOC") making the same disability discrimination allegations but seeking relief under the Americans with Disabilities Act ("ADA").

[DN 7-3]. On April 4, 2018, the EEOC issued to Ms. Moten a Notice of Right to Sue. [DN 7-4]. Ms. Moten did not add the ADA claims to the pending lawsuit in Henderson Circuit Court but instead filed the instant lawsuit on July 3, 2018.

First Care's counsel called Ms. Moten's counsel and stated they would not oppose a motion to amend to bring her KCRA claims over to federal court, but Ms. Moten's counsel declined. Thereafter, First Care filed the instant Motion to Dismiss requesting that this Court abstain from exercising jurisdiction, even though jurisdiction would otherwise be proper. [DN 7]. Specifically, First Care argues that there are parallel actions proceeding in both state and federal courts. [DN 7-1 at 5–6]. As a result, First Care contends that consideration of several factors is necessary to determine whether abstention is proper and that, upon consideration, those factors weigh in favor of abstention. [*Id*. at 6–13].

Ms. Moten responded arguing that, as an initial matter, a request for abstention is not proper under Rule 12. [DN 9 at 1–2]. Further, she argues that the state court proceeding is not parallel with this federal proceeding because the claims are not the same. [*Id*. at 4]. As such, she claims the factors to consider when determining whether to abstain are not relevant. [*Id*. at 5]. However, she argues in the alternative that if this Court finds the proceedings to be parallel, the factors weigh against the Court abstaining from exercising jurisdiction. [DN 9 at 5–7]. Finally, First Care replied contending first that the Motion to Dismiss was procedurally proper and then expounding on prior arguments that the proceedings are parallel, and that the relevant factors weigh in favor of abstention. [DN 10].

## II. Discussion

As a preliminary matter, Ms. Moten takes issues with First Care's procedural mechanism to request abstention. Specifically, that First Care's argument "that this court should abstain under

*Colorado River* so that Plaintiff's federal claims may proceed to state court . . . is essentially the opposite of asserting that Plaintiff's federal claims fail to state a claim under Rule 12[b](6)." [DN 9 at 2]. First Care retorts that "Rule 12(b)(1) permits the moving party to raise defenses associated with subject matter jurisdiction." [DN 10 at 2]. First Care is correct. This Court has indeed considered *Colorado River* abstention arguments made by parties in motions to dismiss and will do so here. *See, e.g.*, *Travelers Prop. Cas. Co. v. Associated Eng'rs, Inc.*, 2013 WL 6230613 (W.D. Ky. Dec. 2, 2013); *Golden Gate Nat'l Senior Care, LLC v. Hudson*, 2017 WL 4274167 (W.D. Ky. Sept. 26, 2017).

First Care argues that the Court should dismiss, or in the alternative, stay this action under the doctrine announced by the Supreme Court in *Colorado River Water Conservation District v. United States*. 424 U.S. 800 (1976). Pursuant to *Colorado River*, federal courts have a "narrow exception" to their "virtually unflagging obligation . . . to exercise the jurisdiction given them" where there is (1) "parallel" litigation pending in state court, and (2) the proposed litigation in federal court would be duplicative or unwise. *Id.* at 817–818; *Bates v. Van Buren Tp.*, 122 Fed. Appx. 803, 806 (6th Cir. 2004); *Gottfried v. Medical Planning Servs., Inc.*, 142 F.3d 326, 329 (6th Cir. 1998).

### A. Parallel Litigation

The threshold question in the *Colorado River* abstention analysis is whether there are parallel proceedings in state court. *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984). To be "parallel" the proceedings must be "substantially similar." *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). This does not mean that the parties or the claims must be identical. *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990). "However, cases are not considered parallel if there is an issue that would not be resolved by the state court upon

the completion of the state court action." *Kopacz v. Hopkinsville Surface and Storm Water Utility*, 714 F. Supp. 2d 682, 686 (W.D. Ky. 2010) (citing *E. ON U.S. Services, Inc. v. QSC Painting, Inc.*, 2008 WL 3982499 (E.D. Ky. Aug. 26, 2008); *PNC Bank, National Assoc. v. Person*, 2007 WL 1423744 (W.D. Ky. May 8, 2007)); *see also Wright v. Linebarger Googan Blair & Sampson, LLP*, 782 F. Supp. 2d 593, 603–604 (W.D. Tenn. 2011). "'The issue is not . . . whether the proceedings could be modified to make them parallel; the issue is whether the state court proceeding, as it *currently* exists, is a parallel state-court proceeding.'" *Kopacz*, 714 F. Supp. 2d at 686–687 (quoting *PNC Bank*, 2007 WL 1423744) (citing *Baskin v. Bath Tp. Bd. of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994)) (emphasis in original). If the Court determines the two concurrent actions in state and federal court are parallel, it must then weigh various factors that "rest on considerations of wise judicial administration, [and give] regard to conservation of judicial resources and comprehensive disposition of litigation." *Romine*, 160 F.3d at 339 (quotations omitted).

In the present case, it is evident that the two parties are identical in both proceedings. The determination of whether parallel proceedings exist thus turns on the likeness of the claims. The Sixth Circuit has long held that so long as the "claims raised in both suits are 'predicated on the same allegations as to the same material facts,' the two actions will come close enough to count as parallel." *Preferred Care of Delaware, Inc. v. VanArsdale*, 676 Fed. Appx. 388, 393 (6th Cir. 2017) (quoting *Romine*, 160 F.3d at 340). That is the case here. As well-summarized in First Care's Motion, Ms. Moten relies on the same material facts in making both her KCRA and ADA claims. [DN 7-1 at 6]. Additionally, Ms. Moten is making the same allegations in both her state and federal court complaints, despite the allegations' stylistic differences. Ms. Moten argues that, "[b]ecause the KCRA was not amended when Congress amended the ADA . . . , Kentucky federal and state courts apply the older ADA standard to KCRA claims, rather than the newer [Americans

4

with Disabilities Amendments Act]" and as such the allegations are not the same. [DN 9 at 4]. However, First Care is correct that "Ms. Moten ignores . . . the remaining substantially [sic] similarity between the two statutes including the proper legal analysis for disability claims beyond the definition of what constitutes a disability." [DN 10 at 3]; *See, e.g.*, *Stearman v. Ferro Coals, Inc.*, 2018 WL 5778320, at *3 (6th Cir. Nov. 2, 2018) ("KCRA-disability-discrimination claims are interpreted consistently with the standards developed under federal law—here the Americans with Disabilities Act.") (quotation omitted). In this instance, the resolution of the state proceeding may very well dispose of the claims in this federal action. *Compare E. ON U.S. Servs., Inc. v. QSC Painting, Inc.*, 2008 WL 3982499 (E.D. Ky. Aug. 26, 2008) (finding the actions were not parallel where the primary issue in the federal case will need to be decided regardless of the outcome of the state court case). Both of Ms. Moten's cases are principally about the legality of First Care's actions regarding her employment and allege the same civil rights violations. As such, the two cases constitute parallel proceedings for purposes of *Colorado River* abstention.

### B. Other *Colorado River* Factors

The second step of the *Colorado River* analysis requires the Court to consider the interests of judicial economy and federal-state comity as embodied in the following factors:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation . . . ; (4) the order in which jurisdiction was obtained . . . ; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Romine v. Compuserve Corp.*, 160 F.3d 337, 340–41 (6th Cir. 1998) (citations omitted). According to the Sixth Circuit, these factors necessitate "'a careful balancing as they apply in a give[n] case' depending on the particular facts at hand." *Id.* at 341 (*quoting Moses H. Cone Mem.*

5

*Hosp. v. Mercury Constr. Group*, 460 U.S. 1, 15–16 (1983)). The Court finds that the balancing of the factors weighs in favor of abstention in this case.

The first factor is neutral as it does not appear that the state has assumed jurisdiction over any res or property claims. The second factor, the convenience of the federal forum, weighs slightly in favor of abstention as travel for Ms. Moten from Madisonville to Owensboro, where the federal action is pending, takes longer than travel from Madisonville to Henderson, where the state action is pending. [DN 7-1 at 7]; *See Ritli v. Pizza Hut*, 2014 WL 1783988, at *2 (E.D. Tenn. May 5, 2014) (finding a slight difference in time and mileage "weigh[s] slightly in favor of abstention").

The third factor is the avoidance of piecemeal litigation. In *Moses H. Cone Mem. Hosp. v. Mercury Construction Corp.*, the Supreme Court noted that the primary consideration in *Colorado River* was the danger of piecemeal litigation. 460 U.S. at 16. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341 (citation omitted). Because both the federal action and the state action involve determinations of whether First Care failed to accommodate Ms. Moten's request and thereafter improperly discharged her on the basis of her alleged disability, proceeding with the federal action while the state action is continuing will result in piecemeal litigation as both actions require resolution of identical issues. If Ms. Moten is permitted to prosecute her complaint here, there will be unnecessary duplication of effort and potentially conflicting results.

The order in which jurisdiction was obtained and the relative progress of the state and federal proceedings also weigh in favor of abstention. Ms. Moten filed her Henderson Circuit Court action on February 27, 2018, and the instant litigation over four months later on July 3, 2018.

As for the relative progress of the respective proceedings, the action in Henderson Circuit Court has been the subject of a merits order on First Care's Motion to Dismiss. Additionally, the discovery period has begun in the state court action. Therefore, it is indisputable that the state action has progressed further than the instant case.

With respect to the remaining factors, the source of the law governing Ms. Moten's claims in this lawsuit is federal. However, Ms. Moten's claims could be raised in the state action on the basis of concurrent jurisdiction. The Court is satisfied that Ms. Moten's rights may be adequately protected in the state action. Based upon the balance of all the considerations under *Colorado River* and its progeny, the Court determines that abstention is appropriate in this case.

Although First Care requests an outright dismissal of Ms. Moten's Complaint, the general course of action upon such a determination is to stay the proceeding pending the conclusion of the state action. *See C.R.L. by Luttrell v. U.P.S., Inc.*, 2017 WL 2624552, at *3 (W.D. Ky. June 16, 2017) (citing *Healy v. Fifth Third Mortg. Co.*, 2011 WL 577385, at *5 (E.D. Ky. Feb 9, 2011)). Therefore, the Court will deny First Care's Motion to the extent that it seeks an outright dismissal of this action but will grant it to the extent that it seeks to stay this action pending resulting of the state court proceedings.

### III. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

(1) The Defendant's Motion to Dismiss [DN 7] is **GRANTED** to the extent that is requests the Court to apply the abstention doctrine and stay this case;

(2) The Defendant's Motion to Dismiss is **DENIED** to the extent that it seeks an outright dismissal of Plaintiff's Complaint;

(3) The above-captioned matter is **STAYED** pending resolution of the parallel state action (case caption *Lisa Moten v. Brock Medical, LLC*, Henderson County (Kentucky) Circuit Court, 10-CI-00108);

(4) For administrative purposes this case is **CLOSED**. Upon the completion of the state court action, the parties shall notify the Court.

*Joseph H. McKinley*

Joseph H. McKinley Jr., District Judge
United States District Court

December 6, 2018

cc: counsel of record